UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLADYS E. KATSIAFAS,

    Plaintiff,

v.                                              Case No: 2:19-cv-822-FtM-60MRM

C. R. BARD, INC.,

    Defendant.

_____

**ORDER GRANTING IN PART, AND DENYING IN PART,
"DEFENDANT C. R. BARD'S MOTION FOR SUMMARY JUDGMENT"**

This matter is before the Court on "Defendant C. R. Bard's Motion for Summary Judgment" and its memorandum in support, filed by counsel on August 14, 2019. (Docs. 58, 59).  On August 28, 2019, Plaintiff Gladys Katsiafas filed her response in opposition to the motion.  (Doc. 64).  On September 16, 2019, Defendant filed a reply. (Doc. 67, 68).  On January 28, the Court held a hearing to address this matter.  *See* (Doc. 104).  After reviewing the motion, response, reply, legal arguments, court file and record, the Court finds as follows:

**Background**

This case is one of thousands of similar cases filed since approximately October 2010.[1]  Plaintiff Gladys Katsiafas directly filed this product liability case in the

---

[1] In the seven MDLs, over 100,000 cases have been filed, approximately 15,000 of which are in the Bard MDL.  *See* MDL 2187 (C. R. Bard) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2187; MDL 2325 (American Medical Systems) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2325; MDL 2326 (Boston Scientific) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2326; MDL 2327 (Johnson & Johnson, Ethicon) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2327; MDL 2387 (Coloplast) Member List of Cases,

Southern District of West Virginia as part of the multidistrict litigation (MDL) entitled *In re: C. R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187. The case was not resolved by the MDL transferee court (MDL court), and it was transferred at the conclusion of the coordinated pretrial proceedings as part of Wave 9.

On June 8, 2009, Plaintiff was implanted with the Avaulta Solo Anterior Synthetic Support System (Avaulta) device at a hospital in Cape Coral, Florida. The Avaulta was designed and manufactured by Defendant. On September 11, 2009, her doctor performed a revision surgery and removed the Avaulta. On July 11, 2017, a second revision surgery was performed.

On June 6, 2013, Plaintiff filed suit directly in the MDL using a short-form complaint, alleging the following claims: Negligence (Count I), Strict Liability – Design Defect (Count II), Strict Liability – Manufacturing Defect (Count III), Strict Liability – Failure to Warn (Count IV), Breach of Express Warranty (Count V), Breach of Implied Warranty (Count VI), and Punitive Damages (Count VII).

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

---

https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2387; MDL 2440 (Cook Medical) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2440; and MDL 2511 (Neomedic) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2511.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

### *Causation*

Defendant seeks summary judgment on all of Plaintiff's substantive claims, arguing that Plaintiff has failed to establish any genuine issues of material fact regarding causation. Specifically, Defendant alleges that the only case specific medical causation expert presented by Plaintiff is Dr. Lennox Hoyte, whose opinions fail to satisfy the *Daubert* standard and should therefore be excluded. Defendant contends that if the Court grants its *Daubert* motion as to Dr. Hoyte's expert testimony, then summary judgment should be granted in Defendant's favor on all claims.

The Court has ruled on Defendant's *Daubert* motion and has held that Dr. Hoyte's case specific opinions are admissible. (Doc. 116). Consequently, because there is an issue of material fact regarding causation, Defendant's motion for summary judgment on that basis is due to be denied.

*Negligence (Count I)*

<u>Negligent Marketing, Labeling, Packaging, and Selling</u>

In its motion, Defendant seeks summary judgment on Plaintiff's negligence claim to the extent the claim is based on negligent marketing, labeling, packaging, and selling. Defendant argues that the MDL court has repeatedly granted summary judgment under these circumstances where the plaintiff has failed to come forward with any evidence to support such claims. Plaintiff asserts that she does not intend to assert separate and distinct legal claims for negligent marketing, labeling, packaging, and selling. However, she asserts that evidence pertaining to Defendant's marketing, labeling, packaging, and selling of the Avaulta device should not be excluded because it is relevant to her negligent failure to warn claim.

Based on Plaintiff's concession and the applicable case law, the Court finds that Defendant is entitled to summary judgment on this portion of Count I to the extent the claim is read to assert separate and distinct claims for negligent marketing, labeling packaging, and selling. Plaintiff is not precluded from presenting evidence related to Defendant's marketing, labeling, packaging, and selling of the Avaulta device to the extent that such evidence is relevant to her remaining claims.

<u>Negligent Manufacturing</u>

Defendant also moves for summary judgment on Plaintiff's negligence claim to the extent that it involves an alleged manufacturing defect. Although Plaintiff indicates that she does not intend to pursue a manufacturing defect theory, she asserts that evidence relating to Defendant's manufacturing process should not be restricted in any way at trial.

Based on Plaintiff's concession and the applicable case law, the Court finds that Defendant is entitled to summary judgment on this portion of Count I. Plaintiff is not precluded from presenting evidence pertaining to Defendant's marketing, labeling, packaging, and selling of the Avaulta device to the extent that such evidence is relevant to her remaining claims.

### *Strict Liability – Design Defect (Count II)*

In its motion, Defendant argues that it is entitled to summary judgment on Plaintiff's strict liability design defect claim. Specifically, Defendant contends that Plaintiff has failed to provide any admissible evidence to support her design defect claim. In response, Plaintiff contends that she has provided sufficient admissible evidence to support her claim.

The Court finds that Plaintiff has provided sufficient admissible evidence. Among other things, Dr. Hoyte has opined that the arms on the Avaulta are a design defect that cause pain and complications in patients, including Plaintiff. *See* (Doc. 64-1 at 4-10; 20-21). This type of evidence has been found sufficient to support a design defect claim. *See Cisson v. C. R. Bard, Inc.,* No. 2:11-CV-00195, 2013 WL 5700513, at *1, *4 (S.D.W. Va. Oct. 18, 2013), *aff'd sub nom. In re C. R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.,* 810 F.3d 913 (4th Cir. 2016). Consequently, Defendant's motion for summary judgment as to Count II is denied.

### *Strict Liability – Manufacturing Defect (Count III)*

Defendant moves for summary judgment on Plaintiff's strict liability manufacturing defect claim in Count III. Specifically, Defendant contends that Plaintiff has failed to provide any admissible evidence to support her manufacturing

defect claim.  Defendant further points out that the MDL court has routinely granted motions for summary judgment on manufacturing defect claims in other pelvic mesh cases, holding that the plaintiffs' complaints were actually about the design of the products rather than a defect in the manufacturing process.  Plaintiff asserts that she will not pursue Count III as to composition or construction defects, and therefore does not object to its dismissal.  However, Plaintiff does not waive any right to rely on evidence relating to Defendant's manufacturing process and raw materials to support her remaining claims.

Based on Plaintiff's concession and the applicable case law, the Court finds that Defendant is entitled to summary judgment on Count III.  This ruling does not preclude Plaintiff from relying on evidence relating to the manufacturing process and raw materials to the extent that such evidence is relevant to her remaining claims.

***Breach of Express Warranty (Count V) and Breach of Implied Warranty (Count VI)***

In its motion, Defendant moves for summary judgment on Plaintiff's breach of express warranty and breach of implied warranty claims in Counts V and VI. Defendant argues that Plaintiff cannot prevail on these claims because she was not in privity of contract with Defendant.  Plaintiff indicates that she will not pursue Counts V and VI, and she therefore does not object to the entry of summary judgment. Consequently, the Court finds that Defendant is entitled to summary judgment on Counts V and VI.

*Punitive Damages (Count VII)*

In its motion, Defendant moves for summary judgment on Plaintiff's punitive damages claim in Count VII. Defendant argues that a claim for punitive damages is only recoverable when there is clear and convincing evidence that the defendant personally is guilty of intentional misconduct or negligence. Defendant "denies" that punitive damages are appropriate in this case and argues that Plaintiff has failed to satisfy its evidentiary burden of showing intentional misconduct or gross negligence by Defendant.

In its review of the bellwether cases, the MDL court held that Defendant was not entitled to summary judgment on the plaintiffs' punitive damages claims under Wisconsin, Georgia, North Carolina, and Mississippi standards. *See In re C. R. Bard, Inc.*, No. 2:10-CV-01224, 2013 WL 2432871, at *10 (S.D.W. Va. June 4, 2013). Although it does not appear that a Florida court or federal court applying Florida law has addressed this issue as part of the pelvic mesh product liability litigation, Georgia's punitive damages law is similar to Florida's law. *See* Fla. Stat. § 768.72(2) (punitive damages may be awarded only where the defendant had actual knowledge of the wrongfulness of the conduct and still intentionally pursued that course of conduct, or the defendant's conduct "was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct"); Ga. Code Ann. § 51-12-5.1 (punitive damages may be awarded "only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression,

or that entire want of care which would raise the presumption of conscious indifference to consequences.").

In this case, because there is evidence as to Defendant's "want of care" and "deliberate indifference," the Court finds that there is an issue of material fact precluding summary judgment. Consequently, Defendant's motion for summary judgment is denied on this basis.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

1. "Defendant C. R. Bard's Motion for Summary Judgment" (Doc. 58) is hereby **GRANTED IN PART** and **DENIED IN PART**.

2. Defendant's motion for summary judgment is **GRANTED** as described herein to the extent that judgment shall be entered in favor of Defendant, and against Plaintiff, on Count I in part (negligent marketing, labeling, packaging, and selling claim and negligent manufacturing claim), Count III, Count V, and Count VI.

3. Defendant's motion for summary judgment is **DENIED** in all other respects.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 17th day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**